UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 4:24-CR-00169 |
| ) | |
| NITYA SATTARU et al., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

COMES NOW the Defendant Nitya Sattaru, by and through Counsel, and moves this Honorable Court to suppress the physical evidence and statements because the search and seizure of such physical evidence and statements violated the Fourth, Fifth and Sixth Amendments of the United States Constitution.  In support of her Motion, Defendant states and alleges as follows:

### I.  Factual Background

1. On November 29, 2023, Detectives Kelsey of the St. Charles Police Department violated her constitutional rights, that Nitya Sattaru was willfully deprived of her protected Constitutional rights to be free from unreasonable seizure and unreasonable force.  Detectives seized Defendant's cell phone without probable cause, without Miranda warning and without permission. Moreover, St. Charles Police had a search warrant for the house.  They did not have a search warrant for Defendant's phone.  St. Charles Police searched Defendant's cell phone without a warrant.

2. Defendant, who was not informed of the criminal investigation appeared at the Child Advocacy Center and signed a consent to search the phone.    Defendant was <u>not</u> notified that this matter involved a criminal investigation, nor was she advised of her Constitutionally protected Fifth Amendment privileges against self-incrimination.  The circumstances of the interview are reasonably construed  as a detention, and the information was seized by coercion.

3. As a result of the phone seizure on November 29, 2023, the Government was able to secure derivative information against Defendant regarding cell phone information which was included in a criminal investigation resulting in an indictment filed April 10, 2024, which relied heavily upon the information provided by the Defendant's phone.

4. On November 30, 2023, authorities coerced Defendant Nitya Sattaru to bring her children to the Early Childhood Center where they questioned the children and coerced Defendant to sign a consent to search her phone.

## II. Relief Sought

5. The Defendant in this matter moves for the suppression and exclusion of all evidence, physical and testimonial, obtained or derived from or through or as a result of the unlawful search and seizure and interrogation which occurred on November 29, 2023.

6. Specifically, Defendant moves for the suppression and exclusion of the following:

   i. Any statements made by the Defendant to any law enforcement personnel on November 29, 2023, or in the course of an investigation on November 30, 2023.

   ii. Any statements made by the Defendant, written or oral, signed or unsigned, that are related to the indictments filed in this matter.

   iii. Any and all property, papers, information, or testimony pertaining to the Defendant, obtained or taken from her on or about November 30, 2023 and at any time either preceding or thereafter, by law enforcement agents, or any person acting in concert with them in the investigation of the complaints involved in the indictments filed in this matter.

   iv. Any and all other property, papers, information, statements or testimony pertaining to the Defendant obtained as the fruits of an illegal search, seizure,

detention, and interrogation that occurred on or about November 29, 2023 or at any time thereafter.

### III. The Search - Any Statements Should be Suppressed

7. A person has been "seized" under the Fourth Amendment if under the totality of the circumstances "A reasonable person would have believed that he was not free to leave". See *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). There is no question the Defendant was detained at the time of her interrogation.

8. Any statements made by the Defendant were elicited by St. Charles Police Officer Kelsey Sykes without being advised and afforded her rights under the Fifth and Sixth Amendments to the United States Constitution. Any statements attributed to the Defendant are therefore voluntary and inadmissible. Any statements elicited, either at the time of her interrogation, or later through communications including emails or intercepted phone calls, were the result of an illegal search and seizure and are thus inadmissible as fruits of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREFORE, as there was no probable cause to support the issuance of Defendant's consent to search her telephone, all subsequent searches and seizures, and arrests, including any statements procured from the Defendant, were without probable cause and should be suppressed and these motions sustained as violations of the Defendant's Fourth, Fifth, and Sixth Amendment rights. The Defendant further requests an evidentiary hearing and leave to supplement this motion with evidence adduced at such hearing.

Respectfully Submitted:

BRUNTRAGER & BILLINGS, PC

/s/ Charles H. Billings
Charles H. Billings #26789
225 S. Meramec Ave., Ste. 1200
St. Louis, MO 63105
(314) 646-0066
(314) 646-0065-facsimile
chb@law-stl.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2024, the foregoing **Motion to Suppress Physical Evidence and Statements** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Charles H. Billings