UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 4:24-cr-00169 JAR/JSD |
| VENKATESH SATTARU, | ) |
| NIKHIL PENMATSA, | ) |
| SRAVAN PENUMETCHA, | ) |
| NITYA SATTARU, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT NITYA SATTARU'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE**

Comes Now the United States of America, by and through its undersigned attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins, Assistant United States Attorney, and in response to defendant Nitya Sattaru's Motion to Suppress Statements and Evidence ("Motion"), and based upon the anticipated testimony by the officers at any hearing on defendant's motion, the United States briefly states:

**ARGUMENT**

**I. Nitya Sattaru Provided Voluntary Consent To A Search Of Her Cell Phone**

A consensual search does not violate the Fourth Amendment if the consent was given voluntarily and without coercion. United States v. DaCruz-Mendez, 970 F.3d 904, 908 (8th Cir. 2020) (quoting United States v. Meza-Gonzalez, 394 F.3d 587, 592 (8th Cir. 2005). The

government "has the burden of proving the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority." Florida v. Royer, 460 U.S. 491, 497 (1983). "'Whether or not the suspect has actually consented to a search, the Fourth Amendment requires only that the police reasonably believe the search to be consensual.'" United States v. Guerrero, 374 F.3d 584, 588 (8th Cir. 2004) (quoting United States v. Sanchez, 156 F.3d 875, 878 (8th Cir. 1998). Accordingly, this court's "focus is not whether [Nitya Sattaru] subjectively consented, but rather, whether a reasonable officer would believe consent was given and can be inferred from words, gestures, or other conduct." Guerrero, 374 F.3d at 588.

When considering the totality of the circumstances, Courts look at various factors, none of which are determinative. See United States v. Willie, 462 F.3d 892, 896 (8th Cir. 2006) (listing factors). Factors relevant to the analysis include:

> 1) the individual's age and mental ability; (2) whether the individual was intoxicated or under the influence of drugs; (3) whether the individual was informed of [her] Miranda rights; and (4) whether the individual was aware, through prior experience, of the protections that the legal system provides for suspected criminals. It is also important to consider the environment in which an individual's consent is obtained, including (1) the length of the detention; (2) whether the police used threats, physical intimidation, or punishment to extract consent; (3) whether the police made promises or misrepresentations; (4) whether the individual was in custody or under arrest when consent was given; (5) whether the consent was given in public or in a secluded location; and (6) whether the individual stood by silently or objected to the search.

United States v. Golinveaux, 611 F.3d 956, 959 (8th Cir. 2010).

On November 30, 2023, Nitya Sattaru spoke with police officer's while her children were being interviewed by a child counselor at a therapist's office. During her conversation with police officers, Nitya Sattaru voluntarily consented to police searching her cellular phone. Nitya Sattaru was thirty-five years old, of at least average intelligence, and was not intoxicated. Although Nitya Sattaru is an immigrant, she has command of the English language and during conversations with police officers did not have difficulty understanding or responding to questions. Nitya Sattaru was never in custody on November 29, 2023 or November 30, 2023. Additionally, police officers did not use threats or misrepresentations, and Nitya Sattaru was fully aware that a search warrant had been conducted at one of her residences on November 29, 2023 and that her husband was the subject of an investigation involving abuse of P.M. Lastly, Nitya Sattaru consented both verbally and in writing to the search of her cellphone and provided police her password.

After considering the totality of the circumstances, a reasonable police officer would have believed Nitya Sattaru consented to the search of her cell phone.

For all the reasons discussed, the government requests this Court deny defendant Nitya Sattaru's Motion to Suppress Statements and Evidence.

Respectfully submitted,
SAYLER FLEMING
United States Attorney
  /s/   Dianna R. Collins
DIANNA R. COLLINS, 59641Mo
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Dianna R. Collins*

Dianna R. Collins, #56961MO

Assistant United States Attorney